UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal No. 05-223 |
| ) | |
| ISIDRO HINOJOSA BENAVIDES, ) | |
| ) | |
| Defendant. ) | |

## DETENTION MEMORANDUM

The Defendant, Isidro Hinojosa Benavides, has been charged with engaging in illicit sexual conduct in foreign places, in violation of 18 U.S.C. § 2423(c). A detention hearing was held on November 5, 2009. At the conclusion of that hearing, the Court found that Defendant be held without bond. This memorandum is written to comply with the statutory obligation that "the judicial officer shall include written findings of fact and a written statement of the reasons for the detention." 18 U.S.C. § 3142(i)(1).

## FINDINGS OF FACT

At the detention hearing, the Government proceeded by proffer. The Government referred to the Affidavit of Christopher Malone, Special Agent at United States Department of Homeland Security, Immigration and Customs Enforcement ("DHS-ICE"), in Support of Request for Extradition. The Government proffered that Defendant traveled from Chile to the United States on May 13, 2003. On October 7, 2003, Defendant left the United States for Panama and had not returned, before extradition, to the United States since that date. Defendant entered Chile from Panama on October 8, 2003. Thereafter, Defendant traveled between Chile and Argentina on at

least four occasions.

The Government further proffered that since at least 2002, Defendant has hosted parties with food, drinks, and gifts for various local girls under the age of fourteen in Chile. At these parties, Defendant showed the girls child pornography and gave the girls nominal amounts of money, usually about $5 to $10, in exchange for oral sex. Specifically, Defendant abused a juvenile known as J.A.-A, both before and after April 30, 2003, the effective date of the offense with which Defendant is charged. Beginning from when J.A.-A. was twelve years old, Defendant on numerous occasions gave her small sums of money and/or other items in exchange for her performing oral sex on him.

## DISCUSSION

The Bail Reform Act of 1984 provides, in pertinent part, that where a judicial officer finds that "no condition or combination of conditions will reasonably assure the appearance of the person . . . [or] the safety of any other person and the community, such judicial officer shall order the detention of the [Defendant] before trial." 18 U.S.C. § 3142(e).  A rebuttable presumption of this finding exists where the judicial officer finds probable cause that the Defendant committed an offense involving a minor.  18 U.S.C. § 3142(e)(3)(E).  Where the Government seeks pretrial detention on the ground that no condition or combination of conditions will reasonably assure the appearance of Defendant as required, the Government has the burden of establishing by a preponderance of the evidence that the Defendant will flee before trial if released.  *United States v. Xulam*, 84 F.3d 441, 442 (D.C. Cir. 1996); *United States v. Vortis*, 785 F.2d 327, 328-29 (D.C. Cir. 1986).

Here, the government seeks pre-trial detention on the grounds that there is probable cause that Defendant committed an offense involving a minor and poses a flight risk. A grand jury

indicted Defendant on June 7, 2005, charging him with engaging in illicit sexual conduct in foreign places. This charge creates the rebuttable presumption that "no condition or conditions will reasonably assure the appearance of the person...[or] the safety of any other person and the community." *See* 18 § U.S.C. 3142(e)(3)(E).

At the time of the alleged offense, Defendant lived in Santiago, Chile. Defendant was extradited from Argentina to face charges in the United States, after fighting extradition for four years. Although Defendant is a United States citizen, he has not been to the United States since October 2003. He considers Santiago his permanent residence, where he has familial ties. He has no ties to the area or a place to stay in Washington, D.C.

Based on Defendant's strong ties to Santiago and the absence of connections to the United States, the Court cannot be assured he will return to Court if released on bond.

## **CONCLUSION**

Based upon consideration of all the evidence and the factors set out in 18 U.S.C. § 3142, the Court finds by clear and convincing evidence that no condition or combination of conditions can be imposed that would assure Defendant's presence at trial. Therefore, the government's motion for pretrial detention is granted and Defendant is to be held without bond pending further actions of this court.


Dated: November __, 2009_____
                                ALAN KAY
                                UNITED STATES MAGISTRATE JUDGE