

U.S. Department of Justice

Channing D. Phillips
United States Attorney

*District of Columbia*

_____

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

February 1, 2010

FILED

FEB 0   2010

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Shawn Moore
Assistant Federal Public Defender
625 Indiana Ave., N.W.
Suite 550
Washington, D.C. 20004

    Re:    *United States v. Isidro H. Benavides*, CR 05-223 (RJL)

Dear Mr. Moore:

    This letter sets forth the full and complete plea offer to your client, Isidro Benavides, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). This plea offer will expire on February 8, 2010. If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

### Charges and Statutory Penalties

    Your client agrees to enter a plea of guilty to count one of the pending indictment, which charges him with Engaging in Illicit Sexual Conduct in Foreign Places, in violation of 18 U.S.C. §2423(c). Your client understands that pursuant to 18 U.S.C. §§2423(c), 3571(b)(3), and 3583(k), Engaging in Illicit Sexual Conduct in Foreign Places carries a maximum sentence of not more than 30 years imprisonment, a fine of not more than $250,000, or both imprisonment and a fine, an obligation to pay any applicable interest or penalties on fines or restitution not timely made or both, and a period of supervised release of any term of years or life. In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior to the date of sentencing. Your client also understands that pursuant to 18 U.S.C. § 3572(a)(7) and §5E1.2(d)(7) of the United States Sentencing Commission, Guidelines Manual, 2003 ed. (hereinafter "Sentencing Guidelines" or "U.S.S.G."), the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation.

In consideration of your client's plea to the pending indictment and your client's compliance with the terms of this agreement, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of Offense.

### Detention

Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. §3143, your client be detained without bond pending your client's sentencing in this case and that if a term of incarceration is imposed, that he will not seek to be released after sentencing.

### Factual Stipulations

Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty.  It is anticipated that prior to or during the plea hearing, your client will sign the Statement of the Offense and adopt it under oath as a written proffer of evidence.

### Sentencing Guidelines

Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. §3553(a), including a consideration of the guidelines and policies promulgated by the Sentencing Guidelines.  Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following Guidelines calculations. However, nothing in this agreement is to be read as precluding either party from arguing for or against the applicability of any other specific offense characteristic and/or adjustment to the defendant's base offense level that is not specifically referenced in the agreement.

A.     **Offense Level under the Guidelines**: The parties agree that the Guidelines Manual in effect on the date that the offense of conviction was committed, that is, the Guidelines Manual effective November 5, 2003, shall be applied to determine the appropriate sentence in this case. *See* U.S.S.G. §1B1.11(b)(1). The parties agree that since the 2003 Guidelines Manual does not expressly promulgate a guideline for a violation of 18 U.S.C. §2423(c), the most analogous offense guideline should be applied. *See* U.S.S.G. §2X5.1. The parties further agree that the most analogous offense guideline for this offense, and therefore the guideline to be applied in determining your client's offense level, is §2A3.2 (Criminal Sexual Abuse of a Minor Under the Age of Sixteen Years). Accordingly, the parties agree that the following Guidelines calculations apply to your client's offense:

3

<u>Estimated Base Offense Level</u>: U.S.S.G. §2A3.2(1)                24

<u>Applicable Specific Offense Characteristics</u>
§2A3.2(b)(2)(B) Victim was unduly influenced to participate        +2
§2A3.2(b)(3) Offense involved use of computer                     +2

**B.      Adjustment for Acceptance of Responsibility:**  Assuming your client clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through your client's allocution and subsequent conduct prior to the imposition of sentence, the Government agrees that a 2-level reduction would be appropriate, pursuant to U.S.S.G. §3E1.1(a). Furthermore, assuming your client has accepted responsibility as described in the previous sentence and that your client's base offense level is 16 or greater, the Government agrees that an additional 1-level reduction would be appropriate, pursuant to U.S.S.G. §3E1.1(b), because your client has assisted authorities by providing timely notice of your client's intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

**C.      Guideline Departures**:  The parties agree that under the Sentencing Guidelines neither a downward nor an upward departure from the applicable Guidelines range is warranted. Accordingly, neither party will seek such a departure.  Nor will either party suggest that the Court consider such a departure.

**Agreement as to Sentencing Allocution**

The parties further agree that a sentence within the applicable Guidelines range established by the Sentencing Guidelines would constitute a reasonable sentence in light of all of the factors set forth in 18 U.S.C. § 3553(a). In addition, neither party will seek a sentence outside of the applicable Guidelines range or suggest that the Court consider a sentence outside that Guidelines range. Moreover, the Government agrees to allocute for a sentence of not more than 57 months imprisonment, or the low end of the applicable Guidelines range, whichever is greater.

The Government agrees that it will not oppose your client's request at sentencing that the Court specify in the judgment and commitment order that credit for time served on any sentence of incarceration imposed by the Court in this case be calculated as beginning on July 7, 2005, the date your client was taken into custody by Argentine law enforcement pursuant to an Interpol message. The parties recognize that the Bureau of Prisons ultimately will determine whether your client will receive credit in this case for the time he was in custody in Argentina.

Nothing in this Agreement limits the right of the Government to seek denial of the adjustment for acceptance of responsibility, *see* U.S.S.G. §3E1.1, and/or imposition of an adjustment for obstruction of justice, *see* U.S.S.G. §3C1.1, regardless of any stipulation set forth above, should your client move to withdraw your client's guilty plea after it is entered, or should it be determined that your client has either (i) engaged in conduct, unknown to the Government at the time of the

4

signing of this Agreement, that constitutes obstruction of justice or (ii) engaged in additional criminal conduct after signing this Agreement.

In addition, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under §5K1.1 of the Sentencing Guidelines or 18 U.S.C. §3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

### Court Not Bound by the Plea Agreement

It is understood that pursuant to Federal Rules of Criminal Procedure 11(c)(1)(B) and 11(c)(3)(B), the Court is not bound by the above stipulations, either as to questions of fact or as to the parties' determination of the applicable Guidelines range, or other sentencing issues. In the event that the Court considers any Guidelines adjustments, departures, or calculations different from any stipulations contained in this Agreement, or contemplates a sentence outside the Guidelines range based upon the general sentencing factors listed in 18 U.S.C. §3553(a), the parties reserve the right to answer any related inquiries from the Court.

### Court Not Bound by the Non-Mandatory Sentencing Guidelines

It is understood that the sentence to be imposed upon your client is determined solely by the Court. It is understood that the Sentencing Guidelines are not binding on the Court. Your client acknowledges that your client's entry of a guilty plea to the charged offense authorizes the sentencing court to impose any sentence, up to and including the statutory maximum sentence, which may be greater than the applicable Guidelines range. The Government cannot, and does not, make any promise or representation as to what sentence your client will receive. Moreover, it is understood that your client will have no right to withdraw your client's plea of guilty should the Court impose a sentence outside the Guidelines range.

### Sexual Offender Registration

Your client acknowledges and agrees that pursuant to the Sex Offender Registration and Notification Act, 42 U.S.C. §§16911(3) and 16915(a)(2), he is required to register as a sex offender for a minimum period of twenty five years and to keep the registration current in jurisdictions where he resides, where he is employed and where he is a student. He understands that the requirements for registration include providing his name, residence address, and the names and addresses of any places where he will be employed or a student, among other information. Your client understands that should he knowingly fail to comply with his obligations under the Sex Offender Registration and Notification Act, pursuant to 18 U.S.C. §2250, he could be prosecuted for the offense of failure

5

to register and subject to a term of up to ten years imprisonment, a fine or both. He further understands that compliance with the requirements of the Sex Offender Registration and Notification Act is a specific condition of supervised release pursuant to 18 U.S.C. §3583 and that failure to comply with his obligations under the Act could subject him to revocation of supervised release in addition to prosecution for the felony offense of failure to register.

### Forfeiture

Your client agrees to take any actions requested by the U.S. Attorney's Office or by U.S. Immigration and Customs Enforcement to transfer to the United States the ownership of certain items seized by Argentine law enforcement authorities from your client's residence in Mendoza, Argentina following his arrest in July 2005, and delivered to U.S. agents upon your client's extradition to the United States in October 2009, including: one Hitachi hard drive serial number S1RGAM9E, four (4) floppy disks, and six (6) CD ROMs. By this agreement, your client consents to the administrative, civil, or criminal forfeiture of these items and/or to their abandonment to the United States government. Your client agrees that he will not object to whatever means the United States chooses to transfer ownership of these items to the United States, whether by forfeiture, abandonment or any other method. Your client agrees that the forfeiture of these items is authorized by 18 U.S.C. §§2253 and 2254.

Your client agrees to waive the requirements of Federal Rule of Criminal Procedure 32.2 regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Your client acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and your client waives any claim of error should the Court fail to advise your client of this, pursuant to Federal Rule of Criminal Procedure 11(b)(1)(J), at the time your client's guilty plea is accepted.

Your client further agrees to waive all constitutional and statutory challenges in any manner (including, but not limited to, direct appeal) to any forfeiture carried out in accordance with this Agreement on any grounds, including that the forfeiture constitutes an excessive fine or punishment. Your client agrees to take all steps as requested by the Government to pass clear title to forfeitable assets to the United States, and to testify truthfully in any judicial forfeiture proceeding. Your client acknowledges that all property covered by this Agreement is subject to forfeiture as proceeds of illegal conduct, property facilitating illegal conduct, or property involved in illegal conduct giving rise to forfeiture, or as substitute assets for property otherwise subject to forfeiture.

### Restriction

3663A ᴝᴹ

Your client understands that in addition to the other penalties provided by law, pursuant to 18 U.S.C. §§2259 and 3664, it is mandatory that the Court order your client to make restitution for the full amount of any victim's compensable losses. Because the government may not yet know whether restitution will be requested, your client understands that the government will request that the Court order restitution for any identified victim for the full amount of her losses that were caused

6

by your client's crime that is the subject of this plea agreement.

Your client understands that an unanticipated request for restitution by a victim or an unanticipated amount of a restitution ordered by the Court will not serve as grounds to withdraw your client's guilty plea. Your client also understands that the Court may not decline to order restitution because of your client's economic circumstances or the fact that the victim has, or may be entitled to, receive compensation for any losses from any other source. Restitution is payable immediately at the time of sentencing unless ordered otherwise by the Court.

Your client further agrees to identify all assets over which your client exercises control, directly or indirectly, or has exercised such control, within the past five years. Your client also agrees to identify all assets in which he has or had during that time any financial interest. Your client agrees to take all steps as requested by the Government to obtain from any other parties by any lawful means any records of assets owned at any time by your client. Your client agrees to undergo any polygraph examination the Government may choose to administer concerning such assets and to provide and/or consent to the release of your client's tax returns for the previous five years.

**Breach of Agreement**

Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, whether or not the debriefings were previously characterized as "off the record" debriefings, and including your client's statements made during proceedings before the Court pursuant to Federal Rule of Criminal Procedure 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

7

Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### Waiver of Rights

In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense to which your client is pleading guilty; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

### Waiver of Statute of Limitations

It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### Waiver of Right to DNA Testing

By entering this plea of guilty, your client waives any and all right your client may have, pursuant to 18 U.S.C. §3600, to require DNA testing of any physical evidence in the possession of the Government. Your client fully understands that, as a result of this waiver, any physical evidence in this case will not be preserved by the Government and will therefore not be available for DNA testing in the future.

### Complete Agreement

No agreements, promises, understandings, or representations have been made by the parties or their counsel other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client,

8

defense counsel, and an Assistant United States Attorney for the District of Columbia.

Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor.  It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

If the foregoing terms and conditions are satisfactory, your client may so indicate by signing the Agreement in the space indicated below and returning the original to me once it has been signed by your client and by you or other defense counsel.

Sincerely yours,

CHANNING D. PHILLIPS
United States Attorney

ANGELA G. SCHMIDT
Assistant United States Attorney

MICHAEL YOON
Special Assistant U.S. Attorney

9

## DEFENDANT'S ACCEPTANCE

I have read all eight pages of this plea agreement and have discussed it with my attorney, Shawn Moore, Esq. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in this Agreement.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this Plea Agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: _Feb 2, 2010_

ISIDRO H. BENAVIDES
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the eight pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: _February 2, 2010_

Shawn Moore, Esquire
Attorney for the Defendant