## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | |
| | **:** | |
| **v.** | **:** | **Criminal Case No. 05-223 (RJL)** |
| | **:** | |
| | **:** | |
| **ISIDRO HINOJOSA BENAVIDES** | **:** | |

### GOVERNMENT'S MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following memorandum in support of its request for a sentence of incarceration at the low end of the applicable guidelines range under the United States Sentencing Guidelines, to be followed by a term of supervised release for the rest of defendant's life.

### BACKGROUND[1]

Between May 2002 and April 2004, defendant lived in various residences in Santiago, Chile. During this time period, defendant met J.A.-A., who was twelve years old at the time. Thereafter, on numerous occasions, defendant invited J.A.-A.. to his various residences, where he supplied her, and other young girls who also were there, with food, drink and glue to inhale. Defendant then would call J.A.-A. into a bedroom, where defendant would have her take off her clothes, fondle her, show her pornographic images or movies on his computer and television, and have her perform oral sex on him. Afterwards, defendant gave J.A.-A. the equivalent of between five and ten U.S. dollars.

---

[1] The relevant facts underlying the charges in this case are set forth in full detail in the Presentence Investigation Report and in the Statement of the Offense, which has been previously submitted to the Court and agreed to by defendant.

On June 7, 2005, defendant was indicted on one count of Engaging in Illicit Sexual

Conduct in Foreign Places, in violation of 18 U.S.C. § 2423(c).  On June 7, 2005, a bench

warrant was issued for defendant.  On July 5, 2005, defendant was arrested in Argentina and held

there until his extradition, which defendant fought, to the United States on October 31, 2009.  On

February 2, 2010, defendant pled guilty to the indictment pursuant to a plea agreement.

Defendant is scheduled to be sentenced on April 14, 2010.

## SENTENCING RECOMMENDATION

"As a matter of administration and to secure nationwide consistency, the Guidelines

should be the starting point and the initial benchmark" for determining defendant's sentence.

Gall v. United States, 552 U.S. 38 (2007).  This Court must also consider the sentencing factors

set forth in 18 U.S.C. § 3553(a).  Those factors include: (1) the nature and circumstances of the

offense and the history and characteristics of the defendant; (2) the need for the sentence imposed

to reflect the seriousness of the offense, to promote respect for the law, and to provide just

punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to

protect the public from further crimes of the defendant; (4) the need to provide the defendant

with educational or vocational training, medical care, or other correctional treatment in the most

effective manner; (5) the Guidelines and policy statements issued by the Sentencing

Commission; (6) the need to avoid unwarranted sentence disparities among defendants with

similar records who have been found guilty of similar conduct; and, (7) the need to provide

restitution to any victims of the offense.  18 U.S.C. § 3553(a).  Based on these factors, the

government recommends a sentence of incarceration at the low end of the applicable guidelines

range followed by a life term of supervised release.[2]

Due to the ex post facto clause of the United States Constitution and U.S.S.G. § 1B1.11(b)(1), the parties and the Presentence Investigation Report writer agree that U.S.S.G. § 2A3.2 in the 2003 edition of the Sentencing Guidelines should be the guideline considered by the Court in sentencing defendant.  The government agrees with the Guidelines range the Presentence Investigation Report writer calculated which places defendant's adjusted offense level at 25.  The calculation includes a base offense level of 24 pursuant to U.S.S.G. §§ 2X5.1 and 2A3.2(a)(1); a two-level increase for the unduly influence of the victim pursuant to Section 2A3.2(b)(2)(B); a two-level increase for the use of a computer pursuant to Section 2A3.2(b)(3); and, a three-level reduction for acceptance of responsibility pursuant to Section 3E1.1.  The government also agrees with the criminal history score of category I, as calculated by the Presentence Investigation Report writer.  Based on the criminal history score and the total offense level, the government agrees that the applicable guidelines range for defendant is 57 to 71 months of imprisonment.  Pursuant to the plea agreement, the government and defendant have agreed that neither a downward or upward departure from this guidelines range is warranted.  See 2/1/10 Plea Agreement at 3.  Also, the government has agreed not to allocute for more than the low end of the applicable Guidelines range, which is 57 months.  See id.

---

[2] The government has agreed not to oppose any request of defendant that the Court order in its judgment and commitment that he be credited for time served beginning on July 7, 2005, the date defendant was taken into custody by Argentine law enforcement pursuant to an Interpol message.  See 2/1/10 Plea Agreement at 3.  The government and defendant recognize, however, that the Bureau of Prisons ultimately will determine whether defendant will receive credit for the time he was in custody in Argentina.  See id.

A.    <u>Incarceration of Defendant</u>

The government acknowledges that defendant accepted responsibility early in this case and believes his early acceptance warrants a three-level decrease pursuant to the Sentencing Guidelines.  However, defendant's acceptance of responsibility does not wash away the other reasons that the defendant should be incarcerated.  The government recommends incarceration because of defendant's repeated pattern of sexually abusing children.  Though defendant's charge is only for his abuse of one twelve-year old girl, defendant had sexually abused other little girls, between the ages of nine- and thirteen-years old, in Chile.  An investigation conducted by Chilean law enforcement officials, which later led to defendant's current United States charge, revealed that defendant routinely molested at least 10 Chilean children.

It appears that defendant, a United States citizen, frequented Chile in order to sexually abuse little girls.  In January 1997, defendant obtained Chilean permanent resident status, listing his profession as "child psychologist."  He supposedly worked as an English teacher to children in poor neighborhoods of Santiago, Chile.  Defendant endeared himself to the family of a girlfriend in Chile.  This girlfriend arranged for defendant to have sex with her younger sisters. One of these sisters was approximately five-years-old at the time the sexual contact began. Eventually, defendant asked his girlfriend and her sisters to introduce him to other little girls in the neighborhood, including J.A.-A., which they did.  From that point on, defendant periodically hosted parties at which he provided food, alcohol, drugs and gifts for the girls.  During these parties, he showed the girls adult pornographic movies and child pornography on his computer. He also engaged each girl in sexual activity, including the performance of oral sex for which he gave the girls nominal amounts of money, school supplies, underwear or other trinkets in

exchange.  One of the girls, other than J.A.-A., was vaginally raped by defendant as well.  When asked, these girls also cleaned defendant's home and washed his car.  Based on defendant's conduct as a sexual predator, the government recommends incarceration.

      B.     <u>Life Term of Supervised Release</u>

For these same reasons, the government recommends that defendant be sentenced to a life term of supervised release.  The government believes that a life-long term is necessary to ensure the safety of the community.  The government asks that the following conditions be imposed on defendant's term of supervised release:

- Defendant be required to register as a sex offender in any state or jurisdiction where he resides, works or attends school;

- Defendant not be permitted to travel outside of the jurisdiction where he resides, including any foreign country, without the express written permission of the probation office and the Court;

- Defendant shall participate in a mental health program specifically related to sexual offender therapy, and comply with all requirements of the program;

- Defendant shall not have any direct, or indirect, contact with children, age 18 or younger, and shall refrain from loitering in any place where children congregate, including, but not limited to parks, schools, playgrounds and residences;

- Defendant cannot reside with any children under the age of 18 without the express written consent of the child's legal guardian and the Court;

- Defendant cannot be employed in any capacity either for payment or as a volunteer in any activity that involves contact with minors without permission from the Court;

- Defendant shall submit any computer to which he has access to periodic unannounced examination of his computer by the probation office;

- Defendant shall comply with any limitations that the probation office places on his computer usage; and,

- Defendant shall comply with the Sex Offender Registration requirements for

convicted sex offenders imposed by the registration authority in any state or jurisdiction where he resides, works or is a student.

C.      Restitution and Fines

The government has made numerous attempts to contact the victim, J.A.-A., regarding defendant's sentencing and restitution.  However, the government's efforts have been hampered by the recent earthquakes in Chile.  Though the government cannot request restitution at this time for the victim, the government is not opposed to the Court's imposition of any other fines on defendant pursuant to 18 U.S.C. § 3571(b)(3) or U.S.S.G. § 5E1.2.[3]

WHEREFORE, for the above reasons, the government requests that the court impose a sentence of incarceration which is at the low end of the applicable guideline range, followed by a life term of supervised release.

Respectfully submitted,
RONALD C. MACHEN JR., Bar No. 447889
United States Attorney


_____/s/_____
SHANA L. FULTON, Bar No. 477642
Assistant United States Attorneys
555 Fourth Street, NW
Washington, DC 20530
Tel: (202) 307-6675
Fax: (202) 514-6010
shana.fulton@usdoj.gov

---

[3] Defendant does have financial assets as stated in the Presentence Investigation Report. Defendant also has agreed pursuant to the plea agreement to identify all assets over which he exercises control or has a financial interest and his tax returns for the previous five years.  See 2/1/10 Plea Agreement at 6.