UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal Case No. 05-223 (RJL) |
| : | |
| : | |
| ISIDRO HINOJOSA BENAVIDES, : | |
| Defendant : | |

### GOVERNMENT'S SUPPLEMENTAL MEMORANDUM IN AID OF SENTENCING

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits the following memorandum in support of its request for a sentence of incarceration at the low end of the applicable guidelines range under the United States Sentencing Guidelines, to be followed by a term of supervised release for the rest of defendant's life.

### BACKGROUND[1]

Between May 2002 and April 2004, defendant lived in various residences in Santiago, Chile. During this time period, defendant met J.A.-A., who was twelve years old at the time. Thereafter, on numerous occasions, defendant invited J.A.-A.. to his various residences, where he supplied her, and other young girls who also were there, with food, drink and glue to inhale. Defendant then would call J.A.-A. into a bedroom, where defendant would have her take off her clothes, fondle her, show her pornographic images or movies on his computer and television, and have her perform oral sex on him. Afterwards, defendant gave J.A.-A. the equivalent of between

---

[1] The relevant facts underlying the charges in this case are set forth in full detail in the Presentence Investigation Report and in the Statement of the Offense, which has been previously submitted to the Court and agreed to by defendant.

five and ten U.S. dollars.  The sexual abuse of J.A.-A. began when she was twelve years old and occurred repeatedly until she was thirteen years old.

On June 7, 2005, defendant was indicted on one count of Engaging in Illicit Sexual Conduct in Foreign Places, in violation of 18 U.S.C. § 2423(c).  On June 7, 2005, a bench warrant was issued for defendant.  On July 5, 2005, defendant was arrested in Argentina and held there until his extradition, which defendant contested, to the United States on October 31, 2009.  On February 2, 2010, defendant pled guilty to the indictment pursuant to a plea agreement.

Defendant was initially scheduled to be sentenced on April 14, 2010.  At that hearing the Court granted the government's and Probation Officer Michael Penders' joint request for a continuance of the sentencing hearing.  The government needed the continuance to obtain a victim impact statement from J.A.-A. who had recently been located in Chile.  Probation Officer Penders needed the continuance to investigate recent information he had learned about defendant that impacted his Presentence Investigation Report (hereinafter "PSI") and the sentencing range he had calculated in it.  Defendant is now currently scheduled to be sentenced on June 1, 2010.[2]  The government now submits this Supplemental Sentencing Memorandum in light of the new information and conclusions presented in the amended PSI.

## SENTENCING RECOMMENDATION

"As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark" for determining defendant's sentence. Gall v. United States, 552 U.S. 38 (2007).  This Court must also consider the sentencing factors

---

[2] The government has moved for a two-month continuance of defendant's sentencing hearing to accommodate the victim's travel to the District of Columbia from Chile.  See Government's Motion to Continue Sentencing Scheduled for June 1, 2010 (filed May 26, 2010).

set forth in 18 U.S.C. § 3553(a). Those factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant; (4) the need to provide the defendant with educational or vocational training, medical care, or other correctional treatment in the most effective manner; (5) the Guidelines and policy statements issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and, (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). Based on these factors, the government recommends a sentence of incarceration at the low end of the applicable guidelines range followed by a life term of supervised release.[3]

### A.     The Sentencing Guidelines

Due to the ex post facto clause of the United States Constitution and U.S.S.G. § 1B1.11(b)(1), the parties and the Probation Officer Penders, the PSI writer, agree that U.S.S.G. § 2A3.2 in the 2003 edition of the Sentencing Guidelines should be the guideline considered by the Court in sentencing defendant. Initially, the PSI calculated defendant's adjusted offense level at 25 and a criminal history category of "I." The calculation included a base offense level of 24

---

[3] The government has agreed not to oppose any request of defendant that the Court order in its judgment and commitment that he be credited for time served beginning on July 7, 2005, the date defendant was taken into custody by Argentine law enforcement pursuant to an Interpol message. See 2/1/10 Plea Agreement at 3. The government and defendant recognize, however, that the Bureau of Prisons ultimately will determine whether defendant will receive credit for the time he was in custody in Argentina. See id.

pursuant to U.S.S.G. §§ 2X5.1 and 2A3.2(a)(1); a two-level increase for the unduly influence of the victim pursuant to Section 2A3.2(b)(2)(B); a two-level increase for the use of a computer pursuant to Section 2A3.2(b)(3); and, a three-level reduction for acceptance of responsibility pursuant to Section 3E1.1. Based on the criminal history score and the total offense level, the initial guidelines range for defendant was 57 to 71 months of imprisonment.

In Probation Officer Penders' amended PSI, filed on April 26, 2010, an additional five-level enhancement for pattern of activity was added pursuant to U.S.S.G. § 4B1.5(b) due to the multiple occurrences of sexual abuse of J.A.-A. by defendant and reports of previous sexual abuse defendant inflicted upon his daughter when she was a child. <u>See</u> 4/26/10 PSI at 5 and 10. With the "pattern of activity" enhancement, defendant's adjusted offense level now computes to a level of 30 and a sentencing range of imprisonment for 97 to 121 months.

The plea agreement entered into by the government and defendant does not include this enhancement as it was not agreed upon by the parties. The agreement does not preclude either party from advocating for or against the application of this enhancement. <u>See</u> 2/1/10 Plea Agreement at 3. It is the government's understanding that defendant contests the application of this enhancement. The government has agreed not to allocute for more than the low end of whichever Guidelines range the Court finds is applicable -- either 57 months, without the "pattern of activity" enhancement, or 97 months, including the "pattern of activity" enhancement. <u>See</u> <u>id.</u>

    B.    <u>The Pattern of Activity Enhancement</u>

The government notes that there are ample grounds supporting an enhancement for "pattern of activity" pursuant to U.S.S.G. § 4B1.5(b). Section 4B1.5 allows for this five-level

enhancement if the defendant engaged in a "pattern of activity involving prohibited sexual conduct." A "pattern of activity" involves at least two separate occasions of prohibited sexual conduct with a minor and involves at least two minor victims of the prohibited sexual conduct. See U.S.S.G. § 4B1.5(b) (2003), Commentary.

In this case, defendant admitted, as part of his plea agreement, that he had prohibited sexual conduct with J.A.-A. on separate occasions spanning at least one year. See Statement of the Offense. Defendant also had prohibited sexual conduct with other young girls in the same manner, which is described more fully below and is also mentioned in the Statement of the Offense. Furthermore, defendant's daughter has reported that she too was sexually abused on multiple occasions by defendant when she was between the ages of five- and 11- years old.[4]

### C. Incarceration of Defendant

Regardless as to whether the "pattern of activity" enhancement applies or not, the government recommends incarceration because of defendant's repeated pattern of sexually abusing children, including the victim. The government acknowledges that defendant accepted responsibility early in this case and believes his early acceptance warrants a three-level decrease pursuant to the Sentencing Guidelines. However, defendant's acceptance of responsibility does not wash away the other reasons that the defendant should be incarcerated.

Though defendant's charge is only for his abuse of one twelve-year old girl, defendant has sexually abused other little girls, between the ages of nine- and thirteen-years old, in Chile. An investigation conducted by Chilean law enforcement officials, which later led to defendant's

---

[4] Defendant's daughter intends to attend defendant's sentencing hearing to testify about defendant's abuse of her.

current United States charge, revealed that defendant routinely molested at least 10 Chilean children. It appears that defendant, a United States citizen, frequented Chile in order to sexually abuse little girls. In January 1997, defendant obtained Chilean permanent resident status, listing his profession as "child psychologist." He supposedly worked as an English teacher to children in poor neighborhoods of Santiago, Chile. Defendant endeared himself to the family of a girlfriend in Chile. This girlfriend arranged for defendant to have sex with her younger sisters. One of these sisters was approximately five years-old at the time the sexual contact began. Eventually, defendant asked his girlfriend and her sisters to introduce him to other little girls in the neighborhood, including J.A.-A., which they did. From that point on, defendant periodically hosted parties at which he provided food, alcohol, drugs and gifts for the girls. During these parties, he showed the girls adult pornographic movies and child pornography on his computer. He also engaged each girl in sexual activity, including the performance of oral sex for which he gave the girls nominal amounts of money, school supplies, underwear or other trinkets in exchange. One of the girls, other than J.A.-A., was vaginally raped by defendant as well. When asked, these girls also cleaned defendant's home and washed his car. Based on defendant's conduct as a sexual predator, the government recommends incarceration.

   D. <u>Life Term of Supervised Release</u>

   For these same reasons, the government recommends that defendant be sentenced to a life term of supervised release. The government believes that a life-long term is necessary to ensure the safety of the community. The government asks that the following conditions be imposed on defendant's term of supervised release:

- Defendant be required to register as a sex offender in any state or jurisdiction where he resides, works or attends school;

- Defendant not be permitted to travel outside of the jurisdiction where he resides, including any foreign country, without the express written permission of the probation office and the Court;

- Defendant shall participate in a mental health program specifically related to sexual offender therapy, and comply with all requirements of the program;

- Defendant shall not have any direct, or indirect, contact with children, age 18 or younger, and shall refrain from loitering in any place where children congregate, including, but not limited to parks, schools, playgrounds and residences;

- Defendant cannot reside with any children under the age of 18 without the express written consent of the child's legal guardian and the Court;

- Defendant cannot be employed in any capacity either for payment or as a volunteer in any activity that involves contact with minors without permission from the Court;

- Defendant shall submit any computer to which he has access to periodic unannounced examination of his computer by the probation office;

- Defendant shall comply with any limitations that the probation office places on his computer usage; and,

- Defendant shall comply with the Sex Offender Registration requirements for convicted sex offenders imposed by the registration authority in any state or jurisdiction where he resides, works or is a student.

E.   Restitution and Fines

At this time, the government is not requesting restitution for the victim, because the victim currently has not requested restitution. Nonetheless, the government is not opposed to the Court's imposition of any other fines on defendant pursuant to 18 U.S.C. § 3571(b)(3) or U.S.S.G. § 5E1.2.

WHEREFORE, for the above reasons, the government requests that the court impose a sentence of incarceration which is at the low end of the applicable guideline range, followed by a life term of supervised release.

Respectfully submitted,

RONALD C. MACHEN JR., Bar No. 447889
United States Attorney


_____/s/_____
SHANA L. FULTON, Bar No. 477642
Assistant United States Attorneys
555 Fourth Street, NW
Washington, DC 20530
Tel: (202) 307-6675
Fax: (202) 514-6010
shana.fulton@usdoj.gov